IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

TAX ANALYSTS,           )
                        )
        Plaintiff,      )
                        )
    v.                  )   Case No. 1:99CV00432
                        )   Hon. Ricardo M. Urbina
INTERNAL REVENUE SERVICE, )
                        )
        Defendant.      )

FILED

DEC 10 2001

Clerk, U.S. District Court
District of Columbia

## STIPULATION OF DISMISSAL

The parties, plaintiff Tax Analysts and defendant Internal Revenue Service, by and through their undersigned counsel, hereby stipulate and agree as follows:

1. Plaintiff commenced this action by filing a complaint under the Freedom of Information Act ("FOIA") on or about February 24, 1999 seeking access to records it termed "District Counsel Advice."

2. The parties agreed to limit "District Counsel Advice" or "DCAs" sought in this action to memoranda written by attorneys in the Office of Chief Counsel for the IRS ("OCC") located in the IRS "field" offices: (1) that provide substantive or procedural guidance about the tax law, (2) are on file in the Chief Counsel's National office in Washington, D.C. and were reviewed and agreed to, or agreed to as modified, by the Chief Counsel's national office, and (3) were created after the establishment of the Service's Nondocketed Significant Advice Program. The parties also agreed that criminal documents meeting the above

description would only be considered "District Counsel Advice" if they were "miscellaneous," nontaxpayer-specific criminal documents.

3. Defendant has produced to the plaintiff all such DCAs generated through December 31, 1998 and, therefore, has fully responded to plaintiff's FOIA request.

4. The parties agree that DCAs generated after December 31, 2001 should be placed in the IRS Reading Room on a reasonably contemporaneous basis. Defendant is currently considering an ongoing, regularized process that would accomplish this result.

5. Defendant shall place in the IRS Reading Room all DCAs generated between January 1, 1999 and the establishment of a regularized process in 2002 for placing DCAs in the reading room according to the following schedule: (1) approximately 350 of the DCAs will be placed in the reading room on or before October 1, 2002, (2) approximately 525 more of such DCAs will be placed in the reading room on or before July 1, 2003, (3) approximately 525 more of such DCAs will be placed in the reading room on or before April 1, 2004, and (4) any remaining such DCAs will be placed in the reading room on or before July 22, 2004. In the event of unforeseen circumstances that would significantly affect the available resources to meet this timetable, the parties will consult in good faith about a modified schedule.

6. Defendant has agreed to pay plaintiff $17,500 in attorney's fees and litigation expenses incurred by plaintiff in this case.

7. This case should be dismissed, but without prejudice to plaintiff, after July 1, 2002, either moving to reopen this case or bringing a separate action concerning the processing of DCAs created after January 1, 2002.

DATE: December 7, 2001

Respectfully submitted,

| | |
|---|---|
| /s/ William A. Dobrovir by David M. Katinsky with permission | /s/ David M. Katinsky |
| WILLIAM A. DOBROVIR | DAVID A. HUBBERT |
| D.C. Bar No. 030148 | DAVID M. KATINSKY |
| Attorney for Plaintiff | CHRISTOPHER R. ZAETTA |
| 65 Culpeper St. | Trial Attorneys, Tax Division Suite |
| 102 | U. S. Department of Justice |
| Warrenton, VA 20186 | Post Office Box 227 |
| Telephone: (540) 341-2183 | Washington, DC  20044 |
| | Telephone:  (202) 307-6438 |

OF COUNSEL:

ROSCOE C. HOWARD
United States Attorney

IT IS HEREBY ORDERED that this case be, and hereby is, DISMISSED, without prejudice to plaintiff, after July 1, 2002, either moving to reopen this case or bringing a separate action concerning the processing of DCAs created after January 1, 2002.



UNITED STATES DISTRICT JUDGE